**Order filed May 13, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00059-CV
_____

## WILLIAM SCOTT FEAGAN, AS INDEPENDENT EXECUTOR OF THE ESTATE OF PATTY LOU FEAGAN, DECEASED, ET AL., Appellants

### V.

## PATRICIA DIANNE WILSON AND STEPHEN WYNNE FEAGAN, JR., Appellees

**On Appeal from the 259th District Court**
**Jones County, Texas**
**Trial Court Cause No. 023710**

### O R D E R

On April 20, 2021, Appellants, who are the plaintiffs below, filed a petition for permissive appeal in this court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West Supp. 2020); TEX. R. APP. P. 28.3. In the petition, Appellants ask this court to review an April 6, 2021 interlocutory order in which the trial court granted Appellees' motion for partial summary judgment. Appellees, who are the defendants below, oppose this court's granting of the petition for permissive appeal.

We conclude, however, that Appellants have met the requirements for a permissive appeal under Section 51.014(d) of the Civil Practice and Remedies Code, Rule 28.3 of the Texas Rules of Appellate Procedure, and Rule 168 of the Texas Rules of Civil Procedure. Specifically, the trial court granted permission for the appeal of the interlocutory order, identified a controlling question of law as to which there is a substantial ground for difference of opinion, and explained why an immediate appeal may materially advance the ultimate termination of the litigation. *See* TEX. R. CIV. P. 168; *see also* CIV. PRAC. & REM. § 51.014(d); TEX. R. APP. P. 28.3(d)(4). Furthermore, we agree with the trial court and Appellants that the order to be appealed appears to involve a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* CIV. PRAC. & REM. § 51.014(d). Accordingly, we grant the petition for permissive appeal on the issue specified in the trial court's order. In its order, the trial court stated:

> 1. The Court identifies the application of res judicata in this case as a question of law over which there is a substantial ground for disagreement. The application of res judicata would effectively bar Plaintiffs from challenging that the ownership of Feagan Brothers partnership was fully resolved in Cause No. 20,244 in this Court, and from challenging the binding effect of the stipulations and judgment entered in Cause No. 20,244 in this Court. The existence of Feagan Brothers partnership is the major dispute in this case.

> 2. An immediate appeal of the granting of the res judicata defensive use and the res judicata offensive use will materially advance the ultimate termination of this litigation because:

>> a. The existence and ownership of Feagan Brothers partnership is the central question to Defendants' causes of action to quiet title and declaratory judgment;

>> b. The existence and ownership of Feagan Brothers partnership is a central question to Plaintiffs' various

2

causes of action for breach of fiduciary duty, self-dealing, fraud, and negligence; and,

c. A long and expensive retrial may be avoided.

3. Furthermore, an immediate appeal will materially advance the ultimate termination of this litigation by determining the application of res judicata before proceeding further with the remaining issues in this case. If the granting of partial summary judgment on the ground of res judicata is not sustainable on appeal, that decision should be made before a trial on the remaining issues takes place. Otherwise, a complete retrial of this case may become necessary if an appellate court determines, on appeal after trial, that res judicata should not bar Plaintiffs from challenging the existence and ownership of Feagan Brothers partnership.

Pursuant to Rule 28.3(k), Appellants' notice of appeal is deemed to have been filed under Rule 26.1(b) on the date of this order, May 13, 2021. *See* TEX. R. APP. P. 26.1(b). The appeal will be governed by the rules applicable to accelerated appeals. *See* TEX. R. APP. P. 28.3(k). The appellate record is due to be filed in this court within ten days after the date of this order. *See* TEX. R. APP. P. 26.1(b), 35.1(b).

PER CURIAM

May 13, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.